UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY MERRITT WILSON, | Case No. 3:25-cv-00028-MMD-CLB |
| Petitioner, | |
| v. | ORDER |
| FRANCISCO V. AGUILAR, *et al.*, | |
| Respondents. | |

Petitioner Jeffery M. Wilson has filed a petition for writ of habeas corpus. (ECF No. 1.) The Court has reviewed the habeas petition under Rule 4 of the Rules Governing Section 2254 Cases and concludes that it will dismiss the petition without leave to amend.[1]

Rule 4 provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the Court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. *See Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). A petition for habeas corpus should not be

---

[1] While it is not clear that Petitioner brings his petition under Section 2254, the Court nonetheless applies the Rule 4 framework. *See* 28 U.S.C. foll. § 2254, Rule 1(b) ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a).").

1 dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. *See Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971).

Wilson's petition, which names Nevada's Secretary of State, Francisco V. Aguilar as the Respondent, is an assemblage of unintelligible and extraneous verbiage that is, for all practical purposes, incomprehensible. There is nothing resembling "particularized facts which entitle [petitioner] to habeas corpus relief" – i.e., "facts … consist[ing] of sufficient detail to enable the court to determine, from the face of the petition alone, whether the petition merits further habeas corpus review. *See Adams v. Armontrout*, 897 F.2d 332, 334 (8th Cir. 1990) (emphasis added).

Moreover, a federal court's subject matter jurisdiction in a habeas corpus case depends upon petitioner's status as a person "'*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3) (emphasis added by *Maleng* court). The "in custody" requirement is determined by examining whether the petitioner was in physical custody or under some other significant form of restraint at the time the petition was filed in federal court. *Id.* at 491-493. There is nothing in Wilson's pleading to suggest that he is currently subject to a significant form of restraint. Indeed, the Court is unable to envision how Nevada's Secretary of State could be subjecting Wilson to the type of restraint necessary to establish habeas jurisdiction.

Because the foregoing defects cannot be cured by amendment, the Court concludes that it would be futile to grant Wilson leave to amend his petition. Accordingly, the Court will dismiss his petition.

It is therefore ordered that the petition for writ of habeas corpus (ECF No. 1) is dismissed without leave to amend.

///

///

The Clerk of Court is directed to enter judgment accordingly and close this case.

DATED THIS 14th Day of January 2025.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE